IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:08-cr-073 |
| | : | |
| v. | : | |
| | : | |
| **JORGE L. MILAN, JR.** | : | Judge Sylvia H. Rambo |

# M E M O R A N D U M

Before the court is Defendant Jorge L. Milan's motion to correct sentence pursuant to 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015). (Doc. 345.) Based on the holding of *Johnson*, Milan challenges his conviction under 18 U.S.C. § 924(c).

## I.   Background

On July 22, 2008, Milan pleaded guilty to possessing, brandishing, and discharging firearms in furtherance of a crime of violence (bank robbery) in violation of 18 U.S.C. § 924(c) (Count 2); attempted bank robbery in violation of 18 U.S.C. § 2113(a) (Count 4); and conspiracy to interfere with commerce by threat and violence in violation of 18 U.S.C. § 1951(a) (Count 5).

Based on *Johnson*, Milan argues that his consecutive sentence of 120 months for his violation of 18 U.S.C. § 924(c) (Count 2) violates due process and should be vacated. (Doc. 371, p. 1.)

## II.     Discussion

In *Johnson*, the Supreme Court declared the residual clause of the Armed Career Criminal Act ("ACCA"), which defines "violent felony" as including an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557.

18 U.S.C. § 924(c)(1)(A) applies to any person who, during and in relation to any crime of violence or drug trafficking crime for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall receive an additional period of confinement to run consecutively to any other sentence imposed. Within that statute, a "crime of violence" is defined as follows:

> An offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. §924(c)(3). Milan argues that the residual clause, § 924(c)(3)(B), is similar to the residual clause in the ACCA and is therefore unconstitutionally vague.

In *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016), the court considered a *Johnson*-based challenge to a § 924(c) conviction and held that a Hobbs Act robbery qualified as a crime of violence under §924(c)(3)(A)'s element clause. *Id.* at 141. The court concluded that a Hobbs Act robbery committed while brandishing a firearm is a crime of violence under that clause. *Id.* at 144.

At the change of plea hearing, Milan admitted that he and others carried firearms and entered a bank. He also admitted that he pointed a pellet gun at a teller's head and that another conspirator discharged a firearm. (Doc. 197 at 10:17-11:7.) Thus, based on the facts Milan admitted at his plea hearing, his bank robbery offense qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause. *See also United States v. Galati*, 844 F.3d 152, 154-55 (3d Cir. 2016).

To the extent that the petition only challenges the sentence received under 18 U.S.C. § 924(c), this court declines to address the robberies involved in Counts 4 and 5.

**III.    Conclusion**

It is this court's opinion that the robbery committed under 18 U.S.C. §924(c) is a crime of violence and that the enhanced sentence is applicable to Milan. The motion will therefore be denied.

  s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

3