IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:08-CR-00073-01 |
| | : | Civ. No. 1:20-CV-00718 |
| **v.** | : | |
| | : | |
| **JORGE L. MILAN, JR.** | : | Judge Sylvia H. Rambo |

### M E M O R A N D U M

Before the court is Defendant Jorge Milan Jr.'s ("Defendant") *pro se* motion to correct sentence under 28 U.S.C. § 2255 and counseled supplemental motion based on *United States v. Davis*, 139 S. Ct. 2319 (2019). (Docs. 435, 443). For the reasons set forth below, the motions will be denied.

### I.   BACKGROUND

On February 20, 2008, a federal grand jury returned a 14-count indictment against Defendant. (Doc. 1). As relevant to Defendant's Section 2255 motion, the indictment charged him with the following criminal counts: possessing, using, carrying, brandishing, and discharging a firearm in furtherance of a crime of violence (bank robbery), in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), and (iii) and § 2 ("Count 2"); bank robbery by force, violence, or intimidation in connection with an incident at Citizens Bank in York, Pennsylvania on December 5, 2007, in violation of 18 U.S.C. § 2113(a) and § 2 ("Count 3"); attempted bank robbery by force, violence, or intimidation in connection with an incident that occurred at Northwest Savings Bank in York, Pennsylvania on December 5, 2007, in violation of 18 U.S.C.

1

§ 2113(a) and § 2 ("Count 4"); and conspiracy to interfere with commerce by threats and violence, in violation of 18 U.S.C. § 1951(a) ("Count 5"). On July 22, 2008, pursuant to the terms of a written plea agreement (the "Plea Agreement"), Defendant pleaded guilty to Counts 2, 4, and 5. (Docs. 112, 134). The Court sentenced Defendant to a 250-month term of imprisonment, which comprised of the following: 130 months' imprisonment with respect to Counts 4 and 5, to run concurrently; and 120 months' imprisonment with respect to Count 2, to run consecutively to Counts 4 and 5. (Doc. 265).

On May 15, 2016, Defendant filed his first Section 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which the Court ultimately denied on March 28, 2017. (Docs. 345, 386). Following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), however, the Third Circuit granted Defendant's application to file a second or successive Section 2255 motion under 28 U.S.C. § 2255(h). (Doc. 434). Defendant subsequently filed a *pro se* motion to vacate under Section 2255 on April 30, 2020, along with a supporting brief. (Docs. 435, 436). Relying on *Davis*, Defendant then filed a counseled supplemental Section 2255 motion on June 24, 2020. (Doc. 443).

On July 23, 2020, the Government filed a brief in opposition to Defendant's Section 2255 motion. (Doc. 446). Defendant filed a reply on August 6, 2020. (Doc. 449). Having been fully briefed, Defendant's motions are now ripe for review.

## II. **JURISDICTION**

As Defendant brings his motion under 28 U.S.C. § 2255, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court also has jurisdiction pursuant to 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts[.]").

## III. **STANDARD OF REVIEW**

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A federal prisoner may also file a § 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). A § 2255 motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. *United States v. Essig*, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, § 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in complete miscarriage of justice." *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court may vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. *See* 28 U.S.C. § 2255(b). Generally, the petitioner carries the burden of proof in Section 2255 proceedings. *United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977).

### IV. DISCUSSION

In his Section 2255 petition and supplemental motion, Defendant seeks to vacate his conviction and consecutive mandatory minimum sentence under 18 U.S.C. § 924(c). (Docs. 435, 443). Under Section 924(c)(1)(A), enhanced punishments apply for any individual who uses, carries, brandishes, or discharges a firearm "during and in relation to any crime of violence." The length of the mandatory minimum sentence depends on whether the defendant uses, carries, or possesses the firearm (5 years); brandishes the firearm (7 years); or discharges the firearm (10 years). 18 U.S.C. § 924(c)(1)(A)(i)-(iii). The law further defines a "crime

of violence" as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another or; (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). "These clauses are known as the 'elements clause' and the 'residual clause,' respectively." *United States v. Robinson*, 844 F.3d 137, 141 (3d Cir. 2016).

On June 24, 2019, the Supreme Court held that the residual clause of Section 924(c) was unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Defendant thus argues that, following *Davis*, his conviction as to Count 2 cannot rest on the residual clause of Section 924(c); rather, it can only stand if predicated on a crime of violence under the elements clause. (Doc. 443, at 3-4). Defendant further claims that, pursuant to the categorical approach,[1] either attempt to commit bank robbery or aiding and abetting robbery form the basis of his Section 924(c) conviction. (*Id.* at 5). As Defendant contends that neither of these offenses

---

[1] The parties agree that, following *Davis*, courts use the categorical approach to determine whether an offense constitutes a crime of violence under the elements clause of Section 924(c). (Doc. 443, at 5-6; Doc. 446, at 5). Under the categorical approach, courts "compare the elements of the statute under which the defendant was convicted to the [§ 924(c)] definition of 'crime of violence.'" *United States v. Johnson*, 899 F.3d 191, 203 (3d Cir. 2018) (citing *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018)). In making this determination, courts must "look only to the statutory definitions—i.e., the elements—of a defendant's . . . offense, and not to the particular facts underlying the conviction." *United States v. Lewis*, 720 F. App'x 111, 114 (3d Cir. 2018), *cert. denied*, 138 S. Ct. 2013 (2018) (quoting *United States v. Chapman*, 866 F.3d 129, 134 (3d Cir. 2017)). "A crime is only a 'crime of violence' if 'the least culpable conduct hypothetically necessary to sustain a conviction under the statute' meets the definition." *Id.* (citing *Wilson*, 880 F.3d at 84).

categorically constitute crimes of violence under Section 924(c)(3)(A), he asserts that his conviction as to Count 2 must be vacated. (*Id.* at 8-14).

In response, the Government argues that the language of the Indictment clearly alleges that bank robbery in violation of 18 U.S.C. § 2113(a) predicates Defendant's Section 924(c) conviction. (Doc. 446, at 6). The Government further avers that the crime of violence underlying Count 2 was based on the completed robbery at Citizens Bank, during which he acted as a principal and not an aider and abettor. (*Id.* at 7). As the substantive crime of bank robbery satisfies the elements clause of Section 924(c), the Government contends that *Davis* does not disturb Defendant's conviction and sentence on Count 2. (*Id.* at 8-9). The Government then submits that, even if Defendant's Section 924(c) conviction were based on attempted bank robbery or aiding and abetting bank robbery, these offenses still constitute crimes of violence under the elements clause. (*Id.* at 14).

At the outset, the Court acknowledges that Count 3 charged Defendant in connection with the completed bank robbery at Citizens Bank, whereas Count 4 charged Defendant in connection with the attempted robbery at Northwest Savings Bank. (Doc. 1). Although Defendant pleaded guilty to Count 4, Count 3 was ultimately dismissed pursuant to the terms of the Plea Agreement. (Doc. 112). Defendant thus argues that, since he pleaded guilty to the attempted Northwestern Savings bank robbery instead of the contemporaneous Citizens Bank robbery, "the

record is less than clear on the scope of the Section 924(c) offense." (Doc. 449, at 4).

Accordingly, at issue is whether Defendant's Section 924(c) conviction, to which he pleaded guilty at Count 2, properly rested on the completed Citizens Bank robbery charged at Count 3. The Third Circuit has explained that Section 924(c) "requires that the government prove the defendant committed a qualifying offense but does not require that [he] be charged or convicted of such an offense." *See United States v. Galati*, 844 F.3d 152, 155 (3d Cir. 2016) (citing *United States v. Lake*, 150 F.3d 269, 275 (3d Cir. 1998)); *see also Ware v. United States*, No. CV 19-17224 (JMV), 2020 WL 373334, at *4 (D.N.J. Jan. 23, 2020) (holding that a petitioner was liable under Section 924(c) "for a predicate offense with which he was charged and to which he admitted guilt but for which he was not convicted [pursuant to a plea agreement]," and "did not contest that he admitted to all the necessary elements of the predicate offense . . . when he allocuted.") (citing *United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997) ("In accordance with the views of all the circuits considering the question, we hold that a defendant's conviction under § 924(c)(1) does not depend on his being convicted—either previously or contemporaneously—of the predicate offense, as long as all of the elements of that offense are proved and found beyond a reasonable doubt.")); *Johnson v. United States*, 779 F.3d 125, 129-30 & n.4 (2d Cir. 2015) (noting that a defendant need not be convicted of a predicate

7

crime of violence for it to support a Section 924(c) conviction if there is "legally sufficient proof that the crime was, in fact, committed."); *United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir. 1989) ("[A] defendant charged with violating section 924(c)(1) must be proven to have committed the underlying crime, but nothing in the statute or the legislative history suggests he must be separately charged with and convicted of the underlying offense"). Here, as shown in the transcript from Defendant's plea hearing, Defendant admitted that he planned and attempted to carry out the robbery at Citizens Bank. (Doc. 197, at 12-13). He also admitted that he pointed a pellet gun[2] at a bank teller's head during the commission of the Citizens Bank robbery, and that his co-defendant discharged a firearm upon leaving the bank. (*Id.* at 12-13, 15-16).

Further, despite not being *convicted* on Count 3, Defendant does not claim that he never *committed* the Citizens Bank robbery. Nor does Defendant contend that the facts underlying his Section 924(c) conviction—to which he admitted during his

---

[2] As stated in Defendant's reply brief, a pellet gun does not meet the federal definition of a firearm. (Doc. 449, at 11-12). Nonetheless, Defendant notes that his culpability for possessing and discharging a firearm in furtherance of a crime of violence was based on either an aider and abettor theory of liability or the *Pinkerton* doctrine. (*Id*. at 2 n.1). Under the *Pinkerton* doctrine, derived from the Supreme Court's holding in *Pinkerton v. United States*, 328 U.S. 640, 646-47, a defendant "may be held responsible for the substantive crimes committed by a co-conspirator in furtherance of the conspiracy, even if [he] neither participates in the crimes nor has any knowledge of them." *United States v. Gonzales*, 918 F.2d 1129, 1135 (3d Cir. 1990) (citing *Pinkerton*, 328 U.S. at 646-47). Regardless of which theory may have applied here, both aiding and abetting and *Pinkerton* theories of liability support Defendant's conviction under Section 924(c). *See United States v. Whitted*, 734 F. App'x 90, 93 (3d Cir. 2018) (citing *United States v. Casiano*, 113 F.3d 420, 427 (3d Cir. 1997)). This is not to be conflated, however, with whether Defendant's predicate Section 924(c) offense relied on an aiding and abetting theory or a *Pinkerton* theory of liability.

8

plea proceedings—fail to establish the predicate offense of bank robbery. Given the plain language of the indictment and the admissions gleaned from the record, the Court thus finds that the completed Citizens Bank robbery properly underlies Defendant's Section 924(c) conviction. *See e.g., Galati*, 844 F.3d at 155; *Ware*, 2020 WL 373334, at *4; *Johnson*, 779 F.3d at 129-30 & n.4; *Hunter*, 887 F.2d at 1003. As the Third Circuit has unequivocally held, bank robbery in violation of 18 U.S.C. § 2113(a) constitutes crime of violence under Section 924(c)(3)(A). *United States v. Johnson*, 899 F.3d 191, 203-04 (3d Cir. 2018); therefore, contrary to Defendant's assertion, his Section 924(c) conviction is properly predicated on a crime of violence under the elements clause.

Assuming *arguendo* that Defendant's 924(c) conviction rested on aiding and abetting or attempted bank robbery, however, Defendant's position is similarly unavailing. Although the Third Circuit has not ruled on the matter in a precedential opinion, several courts have held that these offenses constitute crimes of violence in accordance with Section 924(c)(3)(A). *See e.g., Herrera-Genao v. United States*, No. CV 16-3786 (AET), 2020 WL 2520281, at *4 (D.N.J. May 18, 2020) (holding that attempted bank robbery is a predicate Section 924(c) offense under the elements clause) (citing *United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020) ("[W]hen a substantive offense is a crime of violence under 18 U.S.C. § 924(c)(3)(A), an attempt to commit that offense is also a crime of violence."));

9

*United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019) (non-precedential) ("It does not matter whether [Defendant] was convicted as a principal or as an aider or abettor to Hobbs Act robbery[3] because, under the aiding and abetting statute, a person who aids, abets, [or] counsels the commission of a federal offense is punishable as a principal."). In the absence of express Third Circuit guidance to the contrary, the Court finds that the underlying crimes of attempted robbery and aiding and abetting bank robbery would still be sufficient to sustain Defendant's Section 924(c) conviction under the elements clause.

In sum, notwithstanding the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), Defendant's conviction and consecutive mandatory minimum sentence under Section 924(c) is valid. For these reasons, the Court will deny Defendant's Section 2255 motions.

---

[3] The Court recognizes that, unlike the defendant in *McKelvey*, Defendant was neither charged with nor convicted of Hobbs Act robbery. (Docs. 1, 265). However, upon considering whether aiding and abetting Hobbs Act robbery met the statutory criteria for a crime of violence under Section 924(c)(3)(A), the *McKelvey* court reasoned that "[a]iding and abetting is not a separate crime, but rather 'an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense.'" 773 F. App'x at 75. The court thus concluded that a conviction for aiding and abetting a crime is treated the same as a conviction for the crime. *Id.* Even though *McKelvey* addressed a different substantive offense than the one at issue here, the Court finds that its discussion of aiding and abetting liability is persuasive in the context of bank robbery. *See Dupree v. United States*, 2020 WL 1984317, at *6 (M.D. Pa. Apr. 27, 2020) (citing *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016)). !

## V. CONCLUSION

For the reasons set forth above, the Court will deny the Defendant's *pro se* motion to vacate under 28 U.S.C. § 2255 and counseled supplemental motion. (Docs. 435, 443). The Court will also decline to issue a certificate of appealability, as Defendant has not "made a substantial showing of the denial of a constitutional right." 28 U.S.G. § 2253(c)(2). An appropriate order shall follow.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: November 12, 2020